NOT DESIGNATED FOR PUBLICATION

No. 127,199

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW CHASE LANHAM-OLLEK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMANN, judge. Opinion filed January 24, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., MALONE and COBLE, JJ.

PER CURIAM: Andrew Chase Lanham-Ollek appeals the extension of his probation. We granted Lanham-Ollek's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State consented to summary disposition but asked us to affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Lanham-Ollek pleaded guilty to one count of theft and one count of criminal carrying a weapon in February 2023. The district court sentenced him to an 8-month prison term followed by 12 months in jail but granted him 12 months' probation.

1

Four months later, a warrant was issued for Lanham-Ollek alleging that he violated the terms of his probation. The probation officer alleged Lanham-Ollek failed to attend NA/AA meetings, submitted three separate urine samples that tested positive for fentanyl, and failed to obtain employment as directed. The State later changed one of the positive fentanyl samples to a positive alcohol sample.

During the probation violation hearings, Lanham-Ollek admitted to testing positive for alcohol. Lanham-Ollek also later stipulated to testing positive for fentanyl in an evidentiary hearing. The district court dismissed two allegations by the State and found Lanham-Ollek in violation of the remaining allegations of testing positive for fentanyl and alcohol. The district court imposed a three-day jail sanction, extended Lanham-Ollek's probation for two years, and imposed a daily curfew for a year, allowing the probation officer the discretion to use electronic monitoring devices to determine compliance with the curfew.

Lanham-Ollek now appeals the district court's order extending his probation.

ANALYSIS

Lanham-Ollek does not dispute his probation violations and agreed to the extension during the probation violation hearing. He also does not challenge on appeal the district court's legal authority and discretion to extend his probation under K.S.A.22-3716(c)(1)(B) and K.S.A. 21-6608(c). Lanham-Ollek solely argues the district court erred by unreasonably extending his probation. Lanham-Ollek does not contest on appeal the district court's order imposing the three-day jail sanction.

Generally, once a probation violation is established, a district court has discretion to modify the terms of probation or revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508

2

P.3d 351 (2022). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Lanham-Ollek bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Lanham-Ollek's felony conviction, coupled with his subsequent technical violations he admitted and stipulated to during the probation violation hearing, authorized the district court to impose "[c]ontinuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and an intermediate sanction of confinement in a county jail to be imposed as a two-day or three-day consecutive period" under K.S.A. 22-3716(c)(1)(B). And, under K.S.A. 21-6608(c)(6), the district court was authorized to extend his probation for up to 60 months—a permitted length which the district court's extension did not reach.

Lanham-Ollek has identified no legal or factual error. Thus, any abuse of discretion here will only be found if no reasonable person would agree with the district court's decision. See *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

But Lanham-Ollek fails to support his argument that the district court's decision to extend his probation was unreasonable. He admitted to consuming alcohol and did not contest the positive urinalysis test results for alcohol. He also stipulated to the fact that fentanyl was confirmed in his urinalysis test results, although he denied using it.

On our review of the record, the district court's decision to extend Lanham-Ollek's probation was supported by the facts and the law. Because Lanham-Ollek violated the terms of his probation, along with his stipulation during the probation violation hearing,

the extension of his probation by the district court was not arbitrary, fanciful, or unreasonable.

Under the circumstances, a reasonable person could agree that the district court's decision was well within its discretion. As such, the district court did not abuse its discretion in extending Lanham-Ollek's probation.

Affirmed.